IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TYRONE GREEN,                            :
    Petitioner,                         :
                                 :
              v.                         :        CIVIL ACTION NO.  03-CV-6879
                                 :
WILLIAM J. WOLFE, *et al.,*               :
    Respondents.                         :

**MEMORANDUM**

**McHUGH, J.**                                                **December 3, 2021**

*Pro se* Petitioner Tyrone Green, a prisoner in state custody, has filed a Motion for Relief

from Judgment Under Fed. R. Civ. P. 60(b).  (*See* ECF No. 60.)  Green seeks to reopen the

judgment dismissing his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.

Because the Motion must be deemed to be an unauthorized second or successive habeas petition

over which this Court lacks jurisdiction, the Motion is dismissed.

**I.      BACKGROUND**

The procedural history and factual background of Mr. Green's conviction is fully set

forth in the Report and Recommendation prepared by Magistrate Judge Diane M. Welsh.  (ECF

No. 11.)  On September 1, 2004, a judge of this Court approved and adopted the Report and

Recommendation, and Green's Petition for Writ of Habeas Corpus was denied.  (ECF No. 13.)

Mr. Green then filed a series of motions to reopen judgment in the years that followed.  The

details of these motions and their resolution need not be restated here.  Rather, the Court outlines

only the information necessary to place the instant Motion in context.

On May 1, 2009, in denying Green's fifth motion to reopen judgment, this Court

precluded Green from filing further motions pursuant to Federal Rule of Civil Procedure 60(b)

without first obtaining permission from this Court.  (ECF No. 32.)  One such motion was filed on

March 23, 2017.  (ECF No. 56.)  In the proposed 60(b) motion, Green presented evidence of two

pretrial interviews, arguing that the Commonwealth had previously withheld the information in

violation of *Brady v. Maryland.*  On October 30, 2017, this Court denied Green's request for

Permission to File a Motion for Rule 60(b) relief, determining that the arguments contained in

the 60(b) motion were barred by the successive petition rule.  (ECF No. 57.)

Green filed request for a certificate of appealability in the Third Circuit Court of Appeals,

which was denied.  The Third Circuit noted:

> Appellant sought relief from judgment in the District Court under Federal
> Rule of Civil Procedure 60(b)(6), claiming violations of *Brady v. Maryland*, 373
> U.S. 83 (1963), and *citing Dennis v. Secretary, Pennsylvania Department of
> Corrections*, 834 F.3d 263 (3d Cir. 2016) (en banc). But because Appellant asserted
> a "federal basis for relief from a state court's judgment of conviction," *Gonzalez v.
> Crosby*, 545 U.S. 524, 530 (2005), his request for relief from judgment under Rule
> 60(b)(6) was actually an unauthorized second or successive habeas petition, see id.
> at 530-31.  Accordingly, Appellant has not shown that jurists of reason would
> debate that the District Court appropriately disposed of his request for relief from
> judgment under Rule 60(b)(6). *See Slack v. McDaniel*, 529 U.S. 473, 484-85
> (2000); *Morris v. Horn*, 187 F.3d 333, 340-41 (3d Cir. 1999).

*Green v. Superintendent,* C.A. No. 17-3498.

In the current Motion, Green again seeks permission to file a motion for relief pursuant to

Rule 60(b).  (ECF No. 60.)  Green resubmits the same allegations that were submitted in his

2017 filing and asks for this Court to reconsider its denial of his of 2017 Motion for permission

to file a new 60(b) motion in light of the Third Circuit's recent decision in *Bracey v.

Superintendent*, 986 F.3d 274 (3d Cir. 2021).

## II.      DISCUSSION

Because this is a federal habeas action, the Court must evaluate whether the Rule 60(b)

Motion is in fact  an unauthorized second or successive habeas petition.  That is because the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at

28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive

habeas petition in which he challenges a judgment of sentence that he previously challenged in a

federal habeas action, he must first obtain an order from the appropriate court of appeals

authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A); *see, e.g.,*

*Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134,

135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam).  AEDPA's

allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of

jurisdiction over habeas applications that are second or successive.  *See, e.g., Burton v. Stewart*,

549 U.S. 147 (2007).  A habeas petitioner cannot avoid AEDPA's second or successive

gatekeeping mechanism by raising habeas claims in a filing that he designates as a Rule 60(b)

motion.  Brian R. Means, FEDERAL HABEAS MANUAL § 11:42, Westlaw (database updated

May 2019) (a habeas petitioner "is not permitted to circumvent AEDPA's second or successive

petition requirements simply by labeling the petition or motion as something other than what it

is.").

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed

the circumstances in which the utilization of Rule 60(b) is "inconsistent with" AEDPA's second

or successive petition requirements and, as a consequence, not available to a state prisoner

seeking habeas relief.[1]  It explained that a Rule 60(b) motion must be construed as a "second or

successive habeas corpus application" when it advances one or more "claims" attacking the

underlying conviction.  *Id.*, 545 U.S. at 531-32 (quoting § 2244(b)(1) and (2)).  "In most cases,"

---

[1]  "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules.'"  *Gonzalez*, 545 U.S. at 529 (footnote omitted, bracketed text added by Supreme Court) (quoting what is now Rule 12 of the Rules Governing Section 2254 Cases).

the Supreme Court observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Id.* at 532. "A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* The Supreme Court further instructed that a petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted). Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim. *Id.*

Through the present motion, Green asks this Court to reconsider its denial of his 2017 60(b) Motion, in light of the Third Circuit's recent decision in *Bracey v. Superintendent,* 986 F.3d 274 (2021). But Green's reliance on *Bracey* is misplaced. The petitioner in *Bracey* sought reconsideration of the district court's prior time-bar determination based on recent Circuit precedent that caused a change of law with respect to the calculation of the time-bar. In *Bracey*, the petitioner was not attempting to relitigate the merits of a previously rejected *Brady* claim, or attempting to present an entirely new *Brady* claim. In contrast, in reviewing Green's 2017 motion both this Court and the Third Circuit Court of Appeals determined that the submission contained a new claim for relief pursuant to *Brady v. Maryland* and was, thus, an improperly submitted successive petition. In the present motion, Green is attempting to resubmit that same new claim. Therefore, the Motion must be construed as an unauthorized second or successive habeas petition to the extent that in it he is challenging his judgment of sentence. Because he has not received authorization from the Court of Appeals to file another federal habeas petition in order to attack that judgment of sentence, this Court lacks jurisdiction to consider those claims.

5

An appropriate Order dismissing the Rule 60(b) Motion for lack of jurisdiction and finding no probable cause to issue a certificate of appealability follows.

**BY THE COURT:**

   /s/ Gerald Austin McHugh
**GERALD A. MCHUGH, J.**